UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EDWARD L. YOUNGMAN, | ) | |
| | ) | |
| Plaintiff, | ) | No: 16 CV1005 |
| | ) | |
| vs. | ) | |
| | ) JURY DEMAND | |
| CHIEF JUDGE STEPHEN A. KOURI and PEORIA COUNTY , | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### FIRST AMENDED COMPLAINT
### FOR A FIRST CAUSE OF ACTION
### (DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT)

### NATURE OF ACTION

1. This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1990 and the Illinois Human Rights Act, to correct unlawful employment practices on the basis of disability (handicap) and to make whole **EDWARD L. YOUNGMAN** ("YOUNGMAN"). Defendants, **CHIEF JUDGE STEPHEN A. KOURI and PEORIA COUNTY, ("PC")** discriminated against , a qualified individual with a handicap, because of his disability

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. & & 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § § 2000e-5 (f)(1) and (3). The employment practice

Exhibit "A"

hereinafter alleged to be unlawful where and is now being committed in the Central District of Illinois.

## PARTIES

4.  YOUNGMAN is an adult male and a resident of the Peoria, Peoria County, State of Illinois.

5.  YOUNGMAN was an employee of Peoria Juvenile Detention Center for which Chief Judge MICHAEL E. BRANDT, was the party in charge, said Judge retired and the Chief Judge is now STEPHEN A. KOURI, YOUNGMAN was performing the role as a Youth Counselor since October 1998 until his termination (lack of accommodation) on August 12, 2012.

6.  Defendant, STEPHEN A. KOURI, is now the Chief Judge ("Chief Judge") over the judicial enforcement organization and Peoria Juvenile Detention Center with its main offices in Peoria County, Illinois.

7.  Defendant, PEORIA COUNTY, is a municipal subdivision and is incorporated under the laws of the State of Illinois with the purpose of carrying out the policy of the State of Illinois for the administration of matters of political government, financing, taxation and education. Peoria County is a necessary party to this litigation as a potential indemnifier of the Chief Judge.

8.  The Chief Judge is an employer as that term is defined under the ADA and has been at all times material to the allegations herein.

9. At all times relevant, Chief Judge, is a segment of the government for Peoria County, Illinois located in the Central District of Illinois, and is considered a body politic and, continuously had over five hundred (500) employees.

10.  Chief Judge is an employer as that term is defined under the American Disability Act at all times material to the allegations herein.

11.  YOUNGMAN has a disability (handicap) in that he suffers from a condition of Hypothyroidism with Calcium Deficiency and a Pituitary Tumor with Acromegaly, in that he has a record of, or is regarded as having a physical impairment that substantially limits one or more of his major life activities but said disability is not related to his ability to perform the essential functions of his assigned duties with the Peoria County Juvenile Detention Center.

## STATEMENT OF CLAIMS

12. Despite Chief Judge listing itself as an equal employment agency and having a policy against discrimination to the disabled, Chief Judge intentionally discriminated against YOUNGMAN by subjecting YOUNGMAN to different terms and conditions of employment because of his handicap an denying him accommodations for his condition, thereafter, because of the lack of accommodations was forced to take Family Medical Leave ("FMLA") (to protect his health) with his employment with Chief Judge and then not allowed to return to work because of his need for an accommodation. This discrimination, because of his handicap or disability, violates his rights under both the American Disability Act.

13. Chief Judge's acts and omissions to act violate applicable provisions of the American Disability Act.

14. The discriminatory action of Chief Judge as set forth above has caused YOUNGMAN to be harmed in that YOUNGMAN has suffered in his position, his work environment had become impaired and his work performance was impaired.

15. As a further proximate result of Chief Judge's unlawful and intentional discriminatory actions against YOUNGMAN, as alleged above, YOUNGMAN has been harmed in that YOUNGMAN has suffered lost income, emotional pain, humiliation, mental anguish,

loss of enjoyment of life, and emotional distress. As a result of such discrimination and consequent harm, YOUNGMAN has suffered such damages in an amount according to proof.

16. YOUNGMAN has no adequate remedy at law to secure relief. If this court does not enter an order for Chief Judge to reinstate and to accommodate YOUNGMAN will be irreparably injured.

17. YOUNGMAN filed a discrimination charge against the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC") (Exhibit "A") and thereafter the EEOC sent a determination of substantial evidence of a violation of the ADA by Peoria and Chief Judge. No settlement was entered into between EEOC, Peoria County, Chief Judge and YOUNGMAN (See Exhibit "B") so "Right to Sue letter" which is dated October 9, 2015 (See Exhibit "C"). This charge has timely filed with the Central District of Illinois.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays that the court order such relief as is necessary to make the plaintiff whole, including:

1. Reinstatement or, alternatively, front pay;
2. Damages, including loss of pay and benefits;
3. Compensatory damages due to the defendant's conduct;
4. Attorneys' fees and costs incurred in this action
5. Such other relief as is just and equitable.
6. The plaintiff requests a jury trial of this action.

EDWARD L. YOUNGMAN

BY:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith #6180407IL
440 W. Irving Park Road
Roselle, IL 60172
(847) 895-0626

5