## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| EDWARD L. YOUNGMAN,                )<br>                                                          )<br>         Plaintiff,                             )<br>                                                          )<br>             v.                                       )<br>                                                          )<br>CHIEF JUDGE STEPHEN A. KOURI )<br>and PEORIA COUNTY,                  )<br>                                                          )<br>         Defendants.                        ) | Case No.   16-cv-1005 |

## ORDER & OPINION

This matter is before the Court on Defendant Peoria County's motion to dismiss. (Doc. 5). In it, Peoria County argues that Plaintiff Edward Youngman has failed to state a claim against it upon which relief may be granted. Peoria County's motion must be denied, as it is a necessary party to this lawsuit under Federal Rule of Civil Procedure 19(a).

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 1, 2016, Plaintiff Edward Youngman filed a complaint against Chief Judge Michael E. Brandt and Peoria County, Illinois. (Doc. 1). Plaintiff alleges that he is disabled, as he suffers from hypothyroidism and also has a hormonal disorder caused by a tumor in his pituitary gland. (*Id.* at 2-3). He was employed by the Chief Judge as a Youth Counselor in the Peoria County Juvenile Detention Center beginning in October 1998, and was terminated on August 12, 2012 after the Chief Judge failed to reasonably accommodate his disability. (*Id.* at 2-3). He alleges that Peoria County is a potential indemnifier of the Chief Judge. (*Id.* at 2).

On March 24, 2016, Peoria County moved to dismiss the complaint against it. (Doc. 5). Shortly thereafter, Plaintiff filed a First Amended Complaint. (Doc. 12). In the First Amended Complaint, Plaintiff substituted Judge Stephen A. Kouri for Judge Michael E. Brandt, as Judge Brant has retired and Judge Kouri had assumed the role of Chief Judge in Peoria County. (*Id.* at 2). The Amended Complaint is identical in all other ways to the original Complaint, so it did not moot Defendant Peoria County's pending motion to dismiss. (*Compare* Doc. 1 *with* Doc. 12).

**LEGAL STANDARDS**

In ruling on a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), "the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient detail to give notice of the claim, and the allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard requires enough facts "to present a story that holds together," but does not require a determination of probability. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Though detailed factual allegations are not needed, a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555.

Rule 19(a) "addresses persons required to be joined if feasible." Fed. R. Civ. P. 19(a). It instructs that:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>>
>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>
>>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>>
>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

*Id.* at 19(a)(1).

## DISCUSSION

Peoria County argues that Plaintiff has failed to state a claim against it under the Americans with Disabilities Act ("ADA") and the Illinois Human Rights Act ("IHRA") because it was not Plaintiff's employer. (Doc. 6 at 2). It further argues that Plaintiff's allegation that it may need to indemnify the Chief Judge, who is Plaintiff's employer, is too conclusory to pass muster. (*Id.* at 2-3). Therefore, it argues that Plaintiff has failed to state a claim against it upon which relief can be granted. (*Id.* at 3). In response, Plaintiff does not address whether Peoria County was his employer for purposes of ADA and IHRA liability. Rather, he argues that Peoria County is a necessary party to the litigation.

A county may be a necessary party in a lawsuit brought against an official in his official capacity. In *Carver v. Sheriff of LaSalle County*, 243 F.3d 379 (7th Cir.

3

2001) ("*Carver I*"), the Seventh Circuit requested that the Supreme Court of Illinois determine who is responsible for paying an official-capacity judgment against an independently elected county officer. The Supreme Court of Illinois accepted the certification, and answered:

> [U]nder Illinois law, a sheriff, in his or her official capacity, has the authority to settle and compromise claims brought against the sheriff's office. Because the office of the sheriff is funded by the county, the county is therefore required to pay a judgment entered against the sheriff's office in an official capacity. . . .

*Carver v. Sheriff of LaSalle County*, 787 N.E.2d 127, 141 (Ill. 2003) (*Carver II*). Based on this conclusion, the Seventh Circuit held that "a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer . . . in an official capacity." *Carver v. Sheriff of LaSalle County*, 324 F.3d 947, 948 (7th Cir. 2003) (*Carver III*).

The rule announced in *Carver III* was limited to those cases in which a plaintiff sues an independently elected county officer in his official capacity.[1] However in *Robinson v. Sappington*, 351 F.3d 317 (7th Cir. 2003), the Seventh Circuit extended it to cases in which a plaintiff sues an Illinois judge in his official capacity.[2] In *Robinson*, a former employee of the Sixth Judicial Circuit in Macon County, Illinois sued two judges on the circuit court for sexual harassment. *Id.* at 319. She also named

---

[1] The term "independently elected county officer" is a term of art that is defined by the Illinois Constitution. *See* Ill. Const. 1970, art. VII, § 4(c) (including among the ranks of independently elected county officers sheriffs, county clerks, and county treasurers).

[2] Circuit judges, including Chief Judge Kouri, are state officials, and are not independently elected county officers as defined by the Illinois Constitution. *See* Ill. Const. 1970, art. VII, § 4(c) (defining independently elected county officer); *Id.*, art. VI, §§ 12(a), 14 (describing elections of and funding for judges in Illinois).

4

Macon County as a defendant, and argued that it was her joint-employer. *See id.* at 338. While not rejecting the joint employment argument, the court concluded independently that Macon County was a necessary party to the action. *Id.* at 338-39 (citing *Carver III*, 324 F.3d at 948). The court reasoned that Macon County, which has the responsibility for maintaining and funding the Macon County Circuit Court, also had the responsibility under Illinois law "for the payment of expenses and judgments emanating from the workings of that court." *Id.* at 339. As such, it was an indispensable party because it had a financial interest in the outcome of the action. *See id.*; *see also* Fed. R. Civ. P. 19(a)(1)(B).

In this case, Plaintiff has sued his former employer, the Chief Judge of the Tenth Judicial Circuit in Peoria County, Illinois, in his official capacity, for disability discrimination. He has sued Peoria County, not as an employer but instead as a potential indemnifier. As Peoria County may need to indemnify the Chief Judge, it has a financial interest in the outcome of the litigation and is a necessary party pursuant to Federal Rule of Civil Procedure 19(a). *See Carver III*, 324 F.3d at 948; *Robinson*, 351 F.3d at 338-39.  Therefore Peoria County's motion to dismiss must be denied.

## CONCLUSION

For the foregoing reasons, Peoria County's motion to dismiss (Doc. 5) is DENIED. IT IS SO ORDERED.

Entered this 19th day of July, 2016.

s/Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
