E-FILED
Tuesday, 29 May, 2018  12:00:44 AM
Clerk, U.S. District Court, ILCD

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
**Peoria Division**

| | | |
|---|---|---|
| EDWARD L. YOUNGMAN, | ) | |
| | ) | |
| **Plaintiff,** | ) | No: 16 CV1005 |
| | ) | |
| vs. | ) | |
| | ) | |
| CHIEF JUDGE STEPHEN A. KOURI and PEORIA | ) | |
| COUNTY, | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
### TO DEFENDANT PEORIA COUNTY'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Edward L. Youngman (''Youngman" or "Plaintiff''), by and through his counsel, Michael T. Smith, respectfully submits this Memorandum of Law in Opposition to Defendant Peoria County's Motion for Summary Judgment. For the reasons set forth herein, Plaintiff respectfully requests that this court deny Peoria County's Motion for Summary Judgment.

**A.      INTRODUCTION**

**B.      RESPONSE TO DEFENDANT'S UNDISPUTED MATERIAL FACTS**

    **i.      Undisputed Material Facts**

NONE

    **ii.      Disputed Material Facts**

1.      The Plaintiff, Edward Youngman, "was an employee of Peoria Juvenile Detention Center." 1st Amend. Comp. ¶ 5.

**RESPONSE:   Denied.   Plaintiff is an employee of Chief Judge Stephen A. Kouri. (Brown Affidavit at ¶ 3, Ex. 1 to Defendant Chief Judge Stephen A. Kouri's Motion for**

Summary Judgment ("Chief Judge MSJ"), Court Dkt. 34-1; Plf.'s Dep. p. 10, 12-13, Ex. 2 to Chief Judge MSJ, Court Dkt. 34-30).  Peoria County also alleged in its Motion to Dismiss, filed March 24, 2016, that Plaintiff is an employee of the Chief Judge.  *(See* Poeria County's Mem. in Supp. of MTD p. 2, Court Dkt. No. 6).  The Peoria County Juvenile Detention Center is the name of a building that employs no one.   (Brown Dep. pp. 90:21-92:3, Ex. 3 to Plf.'s Memo in Opposition to Chief Judge MSJ).  Plaintiff's listing of the Peoria County Juvenile Detention Center as his employer in his First Amended Complaint was made in error.

3.      The Chief Judge is an employee of the State of Illinois.

**RESPONSE:  This allegation is denied as Defendant does not provide any citation to the record or other admissible evidence to support it and Plaintiff has no independent knowledge of its accuracy.**

   **iii.    Disputed Immaterial Facts**

NONE

   **iv.    Undisputed Immaterial Facts**

2.      The Chief Judge is the party which oversees, was in charge of, or otherwise ran the Peoria Juvenile Detention Center.

**RESPONSE:  Plaintiff does not necessarily dispute this fact, but states that it is immaterial to Defendant's MSJ as it does not directly bear on the legal issue at hand.**

   **v.    Plaintiff's Statement of Additional Facts**

1.      Plaintiff is an employee of Chief Judge Stephen A. Kouri. (Brown Affidavit at ¶ 3, Ex. 1 to Defendant Chief Judge Stephen A. Kouri's Motion for Summary Judgment ("Chief Judge MSJ"), Court Dkt. 34-1; Plf.'s Dep. p. 10, 12-13, Ex. 2 to Chief Judge MSJ, Court Dkt. 34-30).

2.      Peoria County also alleged in its Motion to Dismiss, filed March 24, 2016, that Plaintiff is an employee of the Chief Judge.  *(See* Poeria County's Mem. in Supp. of MTD p. 2, Court Dkt. No. 6).

3.      The Peoria County Juvenile Detention Center is the name of a building that employs no one.   (Brown Dep. pp. 90:21-92:3, Ex. 3 to Plf.'s Memo in Opposition to Chief Judge MSJ).


### C.      ARGUMENT

Peoria County filed a Motion to Dismiss Plaintiff's Complaint against it "because the County was not Plaintiff's employer and was not named as a respondent in the EEOC/IDHR charges and because Plaintiff offers no support as to why the County must indemnify the Chief Judge."  (Poeria County's Mem. in Supp. of MTD pp. 3-4, Court Dkt. No. 6).  After Plaintiff responded to Defendant's Motion arguing that Peoria County is a "necessary party" to the litigation under Fed. R. Civ. P. 19(a), this Court agreed, noting that in *Robinson v. Sappington*, 351 F.3d 317 (7th Cir. 2003), the Seventh Circuit ruled that that a county in Illinois is a necessary party  in any suit seeking damages against an Illinois Judge in his official capacity.  (July 19, 2016, Opinion and Order, Court Dkt. No. 14).

Defendant now cites to 5 ILCS 350/2(d) to support the proposition that Peoria County cannot be an indemnifier of the Chief Judge.  However, the full reading of that statute states:

In any such proceeding where notice in accordance with this Section has been given to the

3

Attorney General, *unless the court or jury finds that the conduct or inaction which gave rise to the claim or cause of action was intentional, wilful or wanton misconduct* and was not intended to serve or benefit interests of the State, the State shall indemnify the State employee for any damages awarded and court costs and attorneys' fees assessed as part of any final and unreversed judgment, or shall pay such judgment. *Unless the Attorney General determines that the conduct or inaction which gave rise to the claim or cause of action was intentional, wilful or wanton misconduct* and was not intended to serve or benefit interests of the State, the case may be settled, in the Attorney General's discretion and with the employee's consent, and the State shall indemnify the employee for any damages, court costs and attorneys' fees agreed to as part of the settlement, or shall pay such settlement. Where the employee is represented by private counsel, any settlement must be so approved by the Attorney General and the court having jurisdiction, which shall obligate the State to indemnify the employee.

Thus, the State may not be the entity that indemnifies the Chief Judge if, as is alleged here, the action was intentional or wilfull.  As such, the County may still need to indemnify the Chief Judge and Plaintiff respectfully requests that this Court deny Defendant's Motion for Summary Judgment.

Dated: May 28, 2018

Joshua McCann
Attorney for Plaintiff
10 N. Martingale Road, Suite 400
Schaumburg, IL  60173
(847) 466-1099

Respectfully Submitted,
**Edward Youngman**

By: /s/Joshua McCann

4

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2018, I electronically filed **Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

By:    s/Joshua McCann
        Joshua McCcann
        Attorney for Plaintiff
        10 N. Martingale Road, Suite 400
        Schaumburg, IL  60173
        (847) 466-1099