UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| EDWARD YOUNGMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHIEF JUDGE STEPHEN A. KOURI ) <br> *and* PEORIA COUNTY ) <br> ) <br> Defendants. | Case No. 16-cv-1005 |

## ORDER & OPINION

This matter is before the Court on Defendants' Bill of Costs (Doc. 42), to which Plaintiff filed Objections (Doc. 46). On July 25, 2018, the Court directed Defendants to submit a more detailed explanation of some of the costs they seek to recover. The matters are now fully briefed. For the reasons discussed below, Defendants are awarded costs in the amount of $1,883.15.

### DISCUSSION

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d). 28 U.S.C. § 1920, in relevant part, permits judges to tax as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," "[f]ees and disbursements for printing and witnesses," and "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."

As the Court granted summary judgment in the Defendants' favor on June 28, 2018, (Doc. 40), they are the "prevailing party." The Seventh Circuit has "consistently interpreted Rule 54(d) as providing a strong presumption that the prevailing party will recover costs, with the ultimate decision resting within the district court's discretion." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). "The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined—the court must award costs unless it states good reasons for denying them." *Id.* "Taxing costs against a losing party requires two inquiries: (1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000).

Defendants filed a bill of costs in the amounts of $2,048.75 for transcript fees and $20.00 for exemplification and copy fees, for a total cost of $2,068.75. (Doc. 42). Plaintiff filed objections on July 20, 2018. (Doc. 46). Plaintiff complains that the Defendants seek to recover costs for the depositions of Plaintiff, Sharon Kramer, Brian Brown, and Dr. Doering, but fail to mention the number of pages of each deposition transcript. Plaintiff also argues that Defendants incorrectly request fees for late invoices. Third, Plaintiff complains that Defendants incorrectly request costs for exhibit and index pages, which are not recoverable. Lastly, Plaintiff argues that Defendants have failed to show that the purchase of Mr. Brown's transcript was necessary and reasonable because Defendants purchased that transcript after they filed Motions for Summary Judgment.

To address Plaintiff's concerns, the Court ordered Defendants to file a supplemental response with a more detailed explanation of the costs they seek to recover. *See* 7/25/2018 Text Order. Defendants responded on August 1, 2018. (Doc. 47). First, Defendants point out that they only noticed and took the deposition of Plaintiff. Plaintiff, on the other hand, noticed and took the depositions of Ms. Kramer and Mr. Brown, as well as subpoenaed and took the deposition of Dr. Doering. Plaintiff chose the court reporter for those three depositions. Second, the Defendants provided a detailed explanation of their request for costs related to deposition transcripts and made the following revisions and reductions:

- Defendants seek $925.50 for the deposition of Plaintiff. The court reporter for this deposition specified that (1) the per-page cost was $3.15; (2) there were 220 pages not including exhibits or index pages; (3) plus a $75.00 appearance fee for the first two hours of the deposition; (4) plus $35.00 per hour for the 4.5 hours in excess of the initial appearance, for an additional $157.50;

- Defendants seek $582.25 for the depositions of Ms. Kramer and Mr. Brown. Defendants concede that they submitted an invoice for a higher, late-fee amount. The $582.25 reflects the revised invoice. These two depositions contained a total of 199 pages not including exhibits or index pages (125 for Brown's transcript, 74 for Kramer's transcript) at a rate of $2.75 per page for the copies, along with a $35.00 fee to receive an e-transcript; and

- Defendants seek $355.40 for the deposition of Dr. Doering. Defendants again concede that they incorrectly requested a higher, late-fee amount. The $355.40 reflects the revised invoice. Dr. Doering's deposition contained 74 pages not including exhibits or index pages, at a rate of $4.60 per page, plus a $15.00 fee to receive the transcript by mail.

Based on the above revisions, which account for all but one of Plaintiff's concerns, Defendants seek a revised cost of $1,863.15 for deposition transcripts.

Plaintiff's only remaining argument is that Defendants have failed to show that Mr. Brown's deposition transcript was necessary and reasonable because

3

Defendants purchased that transcript after they filed Motions for Summary Judgment. "[T]ranscripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough if they are 'reasonably necessary.'" *Lewis v. City of Chicago*, No. 04-6050, 2012 WL 6720411, at *5 (N.D. Ill. Dec. 21, 2012). Furthermore, "[t]he introduction of a deposition in a summary judgment motion or at trial is not a prerequisite for finding that it was necessary to take that deposition." *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir.1998). "The proper inquiry is whether the deposition was 'reasonably necessary' to the case at the time it was taken, not whether it was used in a motion or in court." *Id.*

The Court finds that Mr. Brown's deposition transcript was "reasonably necessary." Mr. Brown was Plaintiff's immediate supervisor, and the Court read through his deposition transcript meticulously (as it was attached to Plaintiff's response to the motion for summary judgment) when ruling on the motion(s) for summary judgment. Had this case proceeded to trial, Mr. Brown unquestionably would have been called as a witness.

As Plaintiff makes no other objections, the Court will award Defendants $1,863.15 in costs for deposition transcripts, plus $20.00 for exemplification and copy fees, for a total of $1,883.15.

## Conclusion

For the reasons stated above, Defendants' Bill of Costs (Doc. 42) is GRANTED AS REVISED in this Order & Opinion. Plaintiff's Objections (Doc. 46) are GRANTED in part and OVERRULED in part, as explained above. Costs in the amount of $1,883.15 are AWARDED in favor of Defendants, against Plaintiff Edward

Youngman. The Clerk SHALL prepare an amended judgment with these costs included.

Entered this 9th day of August, 2018.

s/ Joe B. McDade  
JOE BILLY McDADE  
United States Senior District Judge